# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Terry Allen Blevins,**
**Petitioner Below, Petitioner**

**vs.)  No. 17-0418** (Mercer County 14-C-300)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Terry Allen Blevins, by counsel Ward Morgan, appeals the Circuit Court of Mercer County's April 3, 2017, order denying his petition for writ of habeas corpus.[1] Respondent Ralph Terry, Acting Warden, by counsel Benjamin F. Yancey III, filed a response. Petitioner filed a supplemental appendix. On appeal, petitioner argues that the circuit court erred in finding that he received effective assistance of counsel where counsel failed to object to the introduction of previously suppressed evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 11, 2008, Delores and James Barton, husband and wife, were found dead on their property. *State v. Blevins*, 231 W.Va. 135, 143, 744 S.E.2d 245, 253 (2013). A passing motorist removed Ms. Barton's body from her burning home, and Mr. Barton's body was found

---

[1]Petitioner originally listed David Ballard as respondent in this matter. Mr. Ballard is no longer warden of Mt. Olive Correctional Complex; accordingly, the name of the correct public officer has been substituted as respondent pursuant to Rule 41(c) of the Rules of Appellate Procedure.

Additionally, petitioner's counsel filed a brief in accordance with Rule 10(c)(10) of the West Virginia Rules of Appellate Procedure, which sets forth the requirements counsel must observe when a client directs the filing of an appeal and "counsel lacks a good faith belief that an appeal is reasonable and warranted under the circumstances[.]"

in a locked storage building on their property. *Id.* It was later determined that these individuals had been beaten to death. *Id.*

In February of 2009, petitioner was indicted in connection with these murders for one count of burglary, two counts of first-degree murder, one count of arson, and one count of Possession with Intent to Deliver a Schedule I Controlled Substance. The possession charge was severed from the remaining charges, and petitioner proceeded to a jury trial on the remaining charges on April 13, 2010. The jury found petitioner guilty of the two first-degree murder charges and the arson charge.[2] The circuit court sentenced petitioner to two consecutive terms of life in prison without the possibility of parole for his first-degree murder convictions and a determinate term of twenty years for his arson conviction, which was to run consecutively to the sentences imposed for his murder convictions. We affirmed petitioner's convictions and sentences in *Blevins*. *Id.* at 159, 744 S.E.2d at 269.[3]

Petitioner filed a pro se petition for writ of habeas corpus on April 2, 2014. Following appointment of counsel, petitioner filed amended petitions for habeas relief. Although petitioner asserted numerous grounds for relief, the only ground of relevance to the instant appeal is ineffective assistance of counsel. Specifically, petitioner argued that his trial counsel rendered ineffective assistance by failing to object to trial testimony that Ms. Barton's driver's license was found several miles from his residence. Prior to trial, the circuit court ruled that only evidence found within 100 yards of petitioner's residence was admissible. On November 12, 2015, the circuit court held an omnibus habeas corpus hearing on these petitions. After considering the ineffective assistance claim and all others raised by petitioner, the circuit court denied him habeas relief on April 3, 2017. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

---

[2]The State moved to dismiss the burglary charge at the close of evidence, and the circuit court granted this motion; accordingly, this charge was not submitted to the jury.

[3]We also provide a more detailed recitation of the factual and procedural history of petitioner's case in *Blevins*.

On appeal, petitioner argues that the circuit court erred in concluding that he received effective assistance of counsel where counsel failed to object to testimony concerning Ms. Barton's driver's license.[4] The circuit court ruled prior to trial that evidence found outside of the 100-yard radius of petitioner's residence was only speculatively connected and, therefore, inadmissible. Petitioner asserts that the circuit court, "with little discussion," found that the outcome at trial would not have been different, and that such constitutes an insufficient factual basis for ruling on the claim.

We review ineffective assistance of counsel claims as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Furthermore, "[i]n deciding ineffective assistance claims, a court need not address both prongs of the conjunctive [*Strickland/Miller*] standard[,] . . . but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 456 S.E.2d 416 (1995).

We find no merit to petitioner's argument that, but for counsel's alleged ineffective assistance, the result of the proceedings would have been different.[5] Sufficient evidence existed to connect petitioner to the victims without considering the driver's license. We recounted some of this evidence in petitioner's direct appeal to this Court, which included

> eyewitness testimony placing Mr. Blevins at the scene, as well as Mr. Blevins' inconsistent explanations regarding his presence at the victims' home. Additionally, although Mr. Blevins claimed that a "Justin Stacy" had committed the murders, Mr. Blevins provided conflicting descriptions of this person, and no such individual was ever located or determined to exist. The State also emphasizes the fact the Bartons' automobile keys and storage building keys were found at the residence in which Mr. Blevins lived. Further, the jury heard

---

[4]Petitioner acknowledges that trial counsel did object, but on the "erroneous" basis that the item had not been disclosed prior to trial. The circuit court overruled this particular objection because counsel knew of its existence. Petitioner asserts that, had trial counsel lodged the appropriate objection, it would have been sustained.

[5]To the extent petitioner is challenging the adequacy of the circuit court's findings on this claim, we note that he has failed to develop this argument with any citation to authority in support. Accordingly, we decline to address this alleged error. *See* W.Va. R. App. Pro. 10(c) (setting forth requirements for petitioner's brief).

testimony that Mr. Blevins had blood on his face upon returning to his girlfriend's home, that he burned his clothing, and that he repeatedly asked his girlfriend to destroy various pieces of evidence.

*Blevins*, 231 W.Va. at 151, 744 S.E.2d at 261. Accordingly, we find no error in the circuit court's denial of petitioner's ineffective assistance of counsel claim.

For the foregoing reasons, we affirm the circuit court's April 3, 2017, order denying petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED:** June 15, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating